IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHNNY RAY MAGEE                                               PLAINTIFF

VS.                                        CIVIL ACTION NO. 5:09cv142-DCB-MTP

JACQUELYN BANKS, et al.                                    DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 27, 2010. The Plaintiff appeared *pro se* and Defendants were represented by attorneys Chris Espy and Lem Montgomery. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was incarcerated at Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi.

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Plaintiff claims that his due process rights have been violated because he has been confined in segregation longer than he should have been. He claims that on August 16, 2007, he received a Rule Violation Report (RVR) for allegedly threatening a staff member, and on August 27, 2007, the RVR was dismissed. However, Plaintiff claims that he remained on "threat status"[4] and in segregation for six months - which, according to Plaintiff, is the maximum length of time an inmate can be on threat status. While on threat status and in segregation, Plaintiff claims that he was on lockdown 23 hours a day, seven days a week. Plaintiff also claims that he was supposed to receive periodic reviews during this time, but he did not receive them.

Plaintiff also asserts a claim of excessive force against Defendant Sandra Jackson, a Unit Manager at WCCF. He claims that on February 21, 2008, she sprayed him with a chemical agent (mace) under the door of his cell while he was lying on his stomach talking to her.

Plaintiff has sued Defendant Jacquelyn Banks, Warden of WCCF, because according to Plaintiff, she is in charge of inmate classification decisions and is ultimately responsible for the fact that he remained on "threat status" and in segregation for so long. Plaintiff also claims that Banks was aware of his situation because he wrote letters to her, and she failed in her "supervisory duties" to get him out of lockdown. In addition, Plaintiff avers that Warden Banks violated her duty to curb Defendant Sandra Jackson's "tendency" to abuse inmates and violate their rights. He claims that he had previously complained to Warden Banks about Ms. Jackson prior to the assault, but she did not do anything about it. Thus, he claims that Banks is responsible for the assault because she failed to prevent it.

Plaintiff has sued Defendant Gabriel Walker, the Assistant Warden of Security at WCCF,

---

[4] Plaintiff explained that this is an administrative placement for inmates who are considered to be a threat to the facility or to other inmates.

2

because according to Plaintiff, he is part of the "decision making team" for inmate classification.[5] Plaintiff claims that Walker could and should have gotten him out of segregation sooner and, therefore, he is liable for the time Plaintiff unduly spent in segregation. Plaintiff also claims that Walker is responsible for supervising and disciplining officers, and he failed to discipline Ms. Jackson after the alleged assault.

With respect to Defendant Victor Vines, an Assistant Warden at WCCF and, according to Plaintiff, second-in-command to Warden Banks, Plaintiff claims that he is part of the decisionmaking team regarding inmate classification and that he could and should have gotten him out of segregation sooner.

With respect to Ricky Jackson,[6] Chief of the Unit Managers at WCCF, Plaintiff claims that he too is part of the decisionmaking team regarding inmate classification and that he could have should have gotten him out of segregation sooner. Plaintiff also asserts a retaliation claim against Jackson. Plaintiff claims that in 1999, Jackson assaulted him and Plaintiff filed an administrative grievance as well as a lawsuit against him. Plaintiff claims that from that point forward, Jackson was always "hostile" to him and would say nasty things to him from time to time. Plaintiff also avers that Jackson always tried to keep him "suppressed and repressed and locked down." Thus, Plaintiff claims that Jackson retaliated against him by failing to take any action to get him out of segregation.

Plaintiff has sued Tracy Arbuthnot, Assistant Director of Classification at WCCF, because according to Plaintiff, she has the "final say" on how prisoners are classified, and she is

---

[5] Plaintiff testified that the administrative staff at WCCF - consisting of the Warden, Assistant Wardens, Unit Managers, Classification Director and Chief Unit Manager - are the "shot callers" and make all the decisions. According to Plaintiff, these are the only individuals who can release an inmate from threat status or segregation.

[6] According to Plaintiff, Ricky Jackson is married to Sandra Jackson.

3

the person who is supposed to give inmates in segregation their periodic reviews.

Plaintiff has sued Sandra Jackson because of the alleged incident of excessive force discussed *supra*. In addition, Plaintiff claims that Ms. Jackson is part of the decisionmaking team regarding inmate classification.

Finally, Plaintiff has sued Corrections Corporation of America because he claims it is liable for not supervising the other Defendants and for not enforcing policies regarding use of excessive force, use of chemical agents and inmate classification.

## 2. DISCOVERY ISSUES

Within thirty days, Defendants shall produce to Plaintiff: a copy of the August 16, 2007 RVR and related incident report; a copy of the August 27, 2007 decision dismissing the August 16, 2007 RVR; a copy of the detention notice relating to Plaintiff's placement in administrative segregation; a statement in writing stating why Plaintiff was held in administrative segregation; a statement in writing stating whether Plaintiff was periodically reviewed while in administrative segregation and if so, why he continued to be held in administrative segregation; any medical records and incident reports regarding the alleged assault; copies of any ARP records regarding the alleged assault; state whether Sandra Jackson was disciplined and/or demoted as a result of the alleged assault, and if so, what action was taken; and the WCCF and/or CCA policy regarding the use of chemical agents on inmates.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 3. MOTIONS DEADLINE AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is August 1, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty days, Defendants shall produce to Plaintiff: a copy of the August 16, 2007 RVR and related incident report; a copy of the August 27, 2007 decision dismissing the August 16, 2007 RVR; a copy of the detention notice relating to Plaintiff's placement in administrative segregation; a statement in writing stating why Plaintiff was held in administrative segregation; a statement in writing stating whether Plaintiff was periodically reviewed while in administrative segregation and if so, why he continued to be held in administrative segregation; any medical records and incident reports regarding the alleged assault; copies of any ARP records regarding the alleged assault; state whether Sandra Jackson was disciplined and/or demoted as a result of the alleged assault, and if so, what action was taken; and the WCCF and/or CCA policy regarding the use of chemical agents on inmates.

2. The deadline for the filing of motions (other than motions *in limine*) is August 1, 2010.

3. This order may be amended only by a showing of good cause.

4. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED on this the 6th day of May, 2010.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge